*Bapare v. Garland*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:  DENNIS JACOBS,
               RICHARD J. SULLIVAN,
               WILLIAM J. NARDINI,
                   *Circuit Judges.*

_____

SUJAN BAPARE,

        *Petitioner,*

        v.                                  No. 21-6413

MERRICK B. GARLAND, United States Attorney General,

        *Respondent.*

_____

For Petitioner:                          Adrian Spirollari, Brooklyn, NY.

For Respondent:                          Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Shelley R. Goad, Assistant Director, Office of Immigration Litigation; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Sujan Bapare petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").   We assume the parties' familiarity with the underlying facts, procedural history, and issues in dispute, to which we refer only as necessary to resolve this petition.

Bapare, a native and citizen of Bangladesh, entered the United States without documentation near San Ysidro, California in 2014.   During his asylum interview, he stated that he had been persecuted by members of the Awami League for his support of a rival political party, the Bangladesh Nationalist Party

2

(the "BNP"). Ultimately, the asylum officer found that there was a significant possibility that Bapare would be found credible in a full asylum hearing.[1]

At Bapare's asylum hearing, the IJ found Bapare to be not credible and denied his asylum application. Bapare then appealed the IJ's decision to the BIA, which affirmed all but one of the IJ's findings, provided supplemental reasoning, and dismissed the appeal. Bapare now petitions for review of the agency's decision, arguing that the IJ's adverse credibility finding is not supported by the record. We disagree.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). On petition for review of an IJ's adverse credibility finding, we accept the IJ's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review an IJ's factual findings under the substantial evidence standard. *Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 105 (2d Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)

---

[1] Although Bapare asserts in his petition that the asylum officer found him to be credible, the record reflects that the officer merely determined that there was a significant possibility that he would be found credible in a full asylum hearing, as is the standard to be applied at that phase of the process. Certified Admin. Record at 674.

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). We therefore defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

When making an adverse credibility ruling, an IJ may consider the totality of the circumstances, including but not limited to the "demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). Simply put, an IJ may rely on several sources of evidence when determining whether an applicant is credible. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ did so here.

First, the IJ found that the letter from Bapare's parents contained an inconsistency because it failed to mention that Bapare went into hiding for the last month he was in Bangladesh. The letter – which asserted that Bapare was attacked in a single incident by members of both the Awami League and its rival, the BNP (which Bapare himself claimed to support) – also contradicted Bapare's

4

testimony that only the Awami League attacked him. Bapare tried to explain away both inconsistencies, which he attributed to his father's lack of education. But the IJ was not persuaded and rejected the suggestion that a lack of education prevented Bapare's father from articulating what happened on the night of his son's alleged attack. Bapare's subsequent – and shifting – testimony concerning the circumstances and timing of his father's alleged stroke further undermined his credibility at the hearing. *See* Certified Admin. Record at 168–70.

The IJ also found that the medical record was inconsistent with Bapare's testimony because it (1) was dated April 12, 2013, despite Bapare testifying that it was prepared in July 2018; (2) omitted any reference to the injury to Bapare's nose, which Bapare described as being quite bloody and claimed was treated by the doctor; and (3) included his parents' names even though Bapare asserted that he never provided that information to the hospital staff. Although Bapare again attempted to explain these omissions and inconsistencies, the IJ was not obliged to accept his justifications.

Finally, the IJ's negative demeanor finding was supported by the record. In particular, the IJ noted that Bapare memorized his testimony and provided long, unresponsive answers to direct questions, many of which had to be repeated

several times due to Bapare's non-responsiveness. And because demeanor is almost always evaluated "subjectively and intuitively," *Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (internal quotation marks omitted), we have no reason to question the IJ's ultimate determination concerning Bapare's behavior at the hearing.

Based on the totality of the record, we cannot say that "no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. And since the adverse credibility finding as to asylum is dispositive as to Bapare's withholding of removal and CAT claims, the petition must also be denied as to them. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal under the INA); *Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 523 (2d Cir. 2005) (withholding of removal under the CAT).

We have considered Bapare's remaining arguments and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6